FILED

2024 Jul-05  PM 03:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| Brad Lawler, an individual, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Case No. |
| | * |
| DD GRANDVIEW 9 23, LLC, | * |
| a Georgia limited liability company, | * |
| | * |
| Defendant. | * |

## **COMPLAINT**

Comes now Plaintiff, Brad Lawler ("Plaintiff"), by and through counsel, and alleges as follows:

## I.
## **INTRODUCTION**

1.     Plaintiff brings this action against Defendant, DD GRANDVIEW 9 23, LLC ("Defendant"), alleging violations of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 (FHA), 42 U.S.C. §§ 3601-3619 with regard to lack of accessibility at The Inkwell on Grandview (the "Property").

2.     Plaintiff seeks monetary, declaratory and injunctive relief arising from violations of the accessibility requirements of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 (FHA), 42 U.S.C. § 3601-3619. This statute requires that certain apartment complexes built for first occupancy after March 13, 1991 be designed and constructed with accessible and useable features for people with disabilities.

3.     Plaintiff, Brad Lawler, is a handicapped individual that uses a wheelchair. Plaintiff brings this civil rights action against Defendant for failing to design and/or construct apartments

with accessible and useable features for people with disabilities as required by the FHA. Defendant's apartment complex, The Inkwell on Grandview, which is a multi-family dwelling, has numerous barriers to access. Therefore, Plaintiff seeks a declaration that Defendant's apartment complex violates federal law and an injunction requiring Defendant to comply with the requirements of the FHA.

4.      The Defendant's violations of the FHA have thwarted Congressional efforts to eradicate housing discrimination against people with disabilities and rendered units and/or facilities unavailable to people with disabilities. Enforcement of the FHA against Defendant is necessary because of the extensive nature of the civil rights violations at apartments designed, constructed and/or owned by Defendant.

## II.
## JURISDICTION AND VENUE

5.      This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. § § 3613(a). Plaintiff asserts no state law claims.

6.      Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

7.      Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## III.
## PARTIES

8.      Plaintiff, Brad Lawler, is and, at all times relevant hereto, was a resident of the State of Alabama. Plaintiff is and, at all times relevant hereto, has been legally handicapped and is therefore a member of a protected class under the FHA.

9.      Defendant, DD GRANDVIEW 9 23, LLC, is a Georgia limited liability company

and the owner of the real property and improvements at the site identified by the Jefferson County

Tax Assessor parcel identification number 28 00 26 1 000 001.005.  Upon information and belief,

Defendant is an owner and participated in the design and construction of the Property.

## IV.
## STATUTORY BACKGROUND

**A.**   **The FHA**

10.   Congress enacted the FHA design and construction accessibility requirements as

part of a comprehensive revision of the FHA to prohibit discrimination on the basis of disability.

The debates and legislative history of the FHA reflect Congressional findings that a person using

a wheelchair or other mobility aid is just as effectively excluded from the opportunity to live in a

particular dwelling by steps or thresholds at building or unit entrances and by too narrow

doorways as by a posted sign saying, "No Handicapped People Allowed." In considering the

1988 disability amendments to the FHA, Congress stressed that enforcement of civil rights laws

is necessary to protect people with disabilities from the "devastating" impact of housing

discrimination, including the "architectural barriers" erected by developers who fail to construct

dwellings and public accommodations accessible to and useable by people with disabilities. HR.

REP. NO. 100-711, at 25(1988), reprinted in 1988 U.S.C.C.A.N. 2173, 2186.

11.   In response to Congressional findings, the FHA mandated that every multi-family

apartment building containing four (4) or more units and built for first occupancy after March 13,

1991 ("covered multi-family dwellings") be subject to certain design and construction

requirements. Congress specifically rejected the approach of requiring only a specific number or

percentage of units be fully accessible. Instead, Congress decided that all covered multifamily

dwellings units must comply with the Act's design and construction requirements. All ground

floor units must comply with the following requirements, as must all units served by an elevator:

a.   Public-use and common-use areas that are readily accessible to, and usable

by, people with disabilities;

      b.     Doors into and within covered units that are sufficiently wide to allow passage by people in wheelchairs;

      c.     An accessible route into and through the dwelling;

      d.     Light switches, electrical outlets, thermostats and other environmental controls in accessible locations;

      e.     Reinforcements in bathroom walls that allow for the later installation of grab bars; and

      f.     Usable kitchens and bathrooms such that an individual in a wheelchair can maneuver about the space.

12.     Congress viewed the accessibility requirements imposed by § 3604(f)(3)(C) as "modest." It did not intend to impose "unreasonable requirements" or a "standard of total accessibility," but rather saw the "basic features" required by § 3604(f)(3)(C) as amounting to "minimal standards" that would be "easy to incorporate in housing design and construction." Furthermore, according to the House Report, the § 3604(f)(3)(C) requirements could be met without making new multi-family housing "look unusual" and without "significant additional costs."

13.     Pursuant to Congressional authority, the United States Department of Housing and Urban Development ("HUD") promulgated final FHA design and construction regulations in January 1989, see 24 C.F.R § 100.205 (2008), and published the final Fair Housing Act Accessibility Guidelines on March 6, 1991 (hereinafter "FHAAG") which incorporates the requirements of the American National Standards Institute for buildings and facilities providing accessibility and usability for physically handicapped people, A117-I-1986 (hereinafter "ANSI"), see 56 Fed. Reg. 9472 (Mar. 6, 1991), and the Fair Housing Act Design Manual in August 1996,

which was revised in August 1998.

**V.**
**FACTUAL BACKGROUND**

**A.      The Property**

14.      The Inkwell on Grandview is an apartment complex located at 3560 Grandview Parkway. Birmingham, AL 35243 (the "Property"). The Property consists of approximately 274 total units in one building. The apartment complex is served by elevators.

15.      The Property described above was designed and constructed for first occupancy after March of 2023.

16.      The Property contains "covered multifamily dwellings" within the meaning of 42 U.S.C. § 3604 (f)(7).

17.      The covered multifamily dwellings at the Property are subject to the requirements of 42 U.S.C. § 3604 (f). These include all ground floor units and units served by elevators.

18.      Defendant's failure to design and construct the Property in compliance with Section 3604(f)(3)(C) occurred during the design and construction of the Property and continued until all units were leased.

**B.      Plaintiff's Investigation.**

19.      Plaintiff was researching apartments in the Birmingham area. Plaintiff visited the Property and looked at one or more units. Plaintiff observed that there were accessibility barriers that would interfere with his ability to access and use the facilities.

20.      The existence of barriers and the lack of accessible features deterred Plaintiff from renting an apartment at the Property.

21.      As a result of Defendant's non-compliance with the FHA, Plaintiff, unlike persons without disabilities, cannot independently use the features of Property.

22.      Defendant's apartments lack various mandatory elements required by the FHA, to

5

make the apartments accessible and useable for people with disabilities.

23.    As a handicapped individual and advocate for same, Plaintiff is concerned  whether apartments are accessible and useable for people with disabilities.

24.    Plaintiff has been injured by the Defendant's discriminatory practices and  failure to design and/or construct apartments that are constructed with accessible and useable features for people with disabilities as required by the FHA. These injuries include experiencing discrimination and being deterred from renting at the Property. These blatant violations effectively communicate that people with disabilities are not welcome in the "Property."

25.    Without injunctive relief, Plaintiff and others will continue to be unable to fully access and use the Property in violation of their rights under the FHA.

**C.    FHA Violations.**

26.    The Defendant's violations of 42 U.S.C. § 3604(f)(3)(C) at the Property include, but are not limited to, those outlined below. These allegations represent just some of the  evidence of the Defendant's failure to design and construct covered units and the public and  common use areas in accord with 42 U.S.C. §3604(f)(3)(C) and are not intended as an exhaustive  inventory of such violations. Plaintiff anticipates that an inspection of the Property will identify   additional violations.

27.    Defendant has failed to design and/or construct public and common-use areas that are readily accessible to and usable by people with disabilities in compliance with 42 U.S.C. § 3604(f)(3)(C)(i) and 24 C.F.R. §100.205(c)(1) (2008). For example:

a.    There is no metal signage indicating accessibility at least one designated accessible parking space in the covered parking garage.  Further, there is no sign at this space denoting the accessible parking space as a "van accessible" parking space.

b.    At at least one of the designated accessible parking spaces located in the

covered parking garage, the sign denoting accessibility is mounted too low.

   c.      The mirrors in the public restrooms are mounted higher than 40 inches above the finished floor.

   d.      The side grab bar adjacent to the toilets in the public restrooms are mounted less than 12 inches from the corner of the wall.

   e.      There is no accessible route from the public right of way to the leasing office.

28.      Defendant has failed to design and/or construct light switches, electrical outlets, thermostats and other environmental controls in accessible locations in compliance with 42 U.S.C. § 3604 (f)(3)(C)(iii)(II) and 24 C.F.R. § 100.205(c)(3)(ii) (2008). For example:

   a.      Thermostats and other environmental controls are inaccessible because they are beyond the reach range of people in wheelchairs.

   b.      Thermostats are installed so that the highest operable parts have heights above 48".

29.      Further, by failing to provide the accessible and useable features required by 42 U.S.C. § 3604(f)(3)(C) at the Property for people with physical disabilities, including but not limited to those outlined above, Defendant has violated 42 U.S.C. § 3604(f)(1) and/or have discriminated against them in the terms, conditions or privileges of the rental of dwellings in violation of 42 U.S.C. § 3604(f)(2).

**VI.**
**CAUSE OF ACTION**
**For violation of the FHA, 42 U.S.C. § 3601, et seq.**

30.      The allegations in the preceding paragraphs are incorporated by reference.

31.      The Property contains residential apartment units that are "dwelling[s]" within the

meaning of 42 U.S.C. § 3602(b).

32.     At the Property, all ground-floor units and upper floor units served by elevators not in townhomes are "covered multifamily dwellings" within the meaning of 42 U.S.C. § 3604(f)(7)(A), were built for first occupancy after March 13, 1991, and are subject to the design and construction requirements set forth in 42 U.S.C. § 3604(f)(3)(C) of the FHA. The public- and common-use areas of the Property are also subject to the design and construction requirements of 42 USC. § 3604(f)(3)(C).

33.     Through the actions and inactions described above, the Defendant has:

    a.     discriminated in the rental of, or otherwise made unavailable or denied, dwellings to persons because of their disabilities in violation of 42 U.S.C. § 3604(f)(1);

    b.     discriminated against persons because of their disabilities in the terms, conditions or privileges of rental of a dwelling, or in the provision of services or facilities in connection with the rental of a dwelling, in violation of 42 U.S.C. § 3604(f)(2); and

    c.     failed to design and construct dwellings in compliance with the requirements mandated by 42 U.S.C. § 3604(f)(3)(C) and the applicable regulations, 24 C.F.R. Part 100.205 (2008).

34.     Defendant's discriminatory conduct has damaged Plaintiff.


## VII. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for:

    a.     A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of the FHA, described above, and the relevant implementing regulations of the FHA;

    b.     An injunction, pursuant to 42 U.S.C. § 3613(c)(l)(a), enjoining Defendant, its

officers, directors, employees, agents, successors, assigns and all other persons in active  concert or participation with any of them, both temporarily during the pendency of this action,  and permanently from:

    1.    with regard to the Property, failing or refusing to bring the  covered dwelling units and the public use and common use areas into compliance with the requirements of 42 U.S.C. § 3604(f)(3)(C), the Americans with Disabilities Act ("ADA") and the applicable regulations; to comply with such procedures for inspection and certification of the retrofits performed as may be ordered by this Court; and to perform or allow such other acts as may be necessary to effectuate any judgment of this Court against them; failing or refusing to design and construct any covered multifamily dwellings in the future in compliance with 42 U.S.C. § 3604(f)(3)(C) and the applicable regulations; and

    2.    failing or refusing to take such steps as will eliminate, to the fullest extent practicable, the lingering effects of the Defendant's unlawful housing practices.

    c.    An injunction enjoining Defendant from failing or refusing to permit the  survey of any of their covered properties that were designed and/or built by the Defendant and  any retrofits ordered by the Court to be made at such property, to also comply with such procedures for inspection and certification of the retrofits performed as may be ordered by this Court, and to perform or allow such other acts as may be necessary to effectuate any judgment against the Defendant;

    d.    Award such damages as would fully compensate Plaintiff for his injuries  incurred as a result of the Defendant's discriminatory housing practices and conduct, pursuant to  42 U.S.C.

§ 3613(c)(1)(a);

       e.      Award such punitive damages against Defendant as is proper under law, pursuant to 42 U.S.C. § 3613(c)(1)(a);

       f.      Payment of costs of suit;

       g.      Payment of reasonable attorneys' fees and expenses, pursuant to 42 U.S.C. § 3613(c)(2), and other principles of law and equity; and

       h.      The provision of whatever other relief the Court deems just, equitable and appropriate.

**Dated**: June __, 2024.

                           Respectfully Submitted,

                         By: _/s/Lawrence B. Hammet II_
                         Lawrence B. Hammet II
                         Counsel for Plaintiff
                         Alabama Bar No.: 7599M60L
                         The Hammet Law Firm
                         4525 Harding Pike. STE. 200
                         Nashville, TN 37205
                         Telephone: 615-969-9340
                         beauhammet@hammetlaw.com
                         ATTORNEY FOR PLAINTIFFS

**DEFENDANT TO BE SERVED:**

DD GRANDVIEW 9 23, LLC
c/o Corporation Service Company, Inc.
641 South Lawrence St.
Montgomery, AL 36104